IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RADFORD, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3381 |
| PEVATOR COMPANIES, LTD., | § § § | |
| Defendant. | § § | |

## DISCOVERY ORDER

In this Fair Labor Standards Act collective action, James Radford alleges that he and other service managers were denied overtime pay when they worked more than 40 hours in a workweek. (Docket Entry No. 1). The court granted conditional certification in April 2018. (Docket Entry No. 32).

Pevator, which operates under the Brake Check trade name, served the following requests for production on the plaintiffs:

1. itemized cell phone records and text messages since November 6, 2014;

2. cell phone bills and statements since November 6, 2014; and

3. social media documents since November 6, 2014, including: e-mail, location data, images, videos, search history, Snapchat/Instagram/Facebook/LinkedIn/Twitter messages or posts, and internet messaging messages.

The plaintiffs refused to produce the documents and objected that the requests were broad, unduly burdensome, and an invasion of privacy. Pevator revised the production requests. The plaintiffs objected to these revised requests:

1. Please provide the (i) time, (ii) date, (iii) sender and (iv) receiver, to the extent applicable, with regard to the following communications that were sent or received by you during any

1

hours you contend you were working as a Service Manager at Brake Check: text messages, SMS messages, personal e-mails, social media messages or posts (including without limitation Snapchat, Instagram, Facebook, LinkedIn, YouTube, and Twitter messages or posts), internet messaging service messages (including without limitation WhatsApp messages, Skype messages or Google Hangouts messages), or any other social media or web-based account activity, including without limitation web calendars, location data, images, photographs and/or videos, browsing history, and search history.

2. Please provide the (i) time, (ii) date, (iii) sender, (iv) receiver, and (v) duration of all personal telephone calls and calls made over a web-based service (including without limitation Skype, Facebook Messenger, Facetime, Google Hangouts, or WhatsApp), that were made or received by you during any hours you contend you were working as a Service Manager at Brake Check.

The plaintiffs argue that these requests are still overly broad, unduly burdensome, an invasion of privacy, and are not relevant or proportional to the needs of this case. Pevator responds that the information is relevant because it could show that the plaintiffs were not working during the hours they claim they were.

The case law is helpful. In *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346 (M.D. Fla. 2014), an FLSA case, the court denied a motion to compel a response to a production requests for all social media posts. The court explained:

> Whether or not an opt-in Plaintiff made a Facebook post during work hours or about work has no bearing on total hours worked . . . . Additionally, the burden of requiring all of the opt-in Plaintiffs to review all of their postings on potentially multiple social media sites over a period of four years and determine which posts relate to their job, hours worked, or this case, would be "an extremely onerous and time-consuming task." *Jewell v. Aaron's, Inc.*, 2013 WL 3770837, at *3 (N.D.Ga. July 19, 2013) (finding, in FLSA case, defendant-employer not entitled to discovery of social media posts, because it had not shown relevance of the information, and to produce it would be too burdensome). This is especially so when Defendant has nothing more than its "hope that there might be something of relevance" in the social media posts. *Id.* (citation and quotation omitted).

*Id.* at 1348.

Similar logic applies to Pevator's first request for information on the opt-in plaintiffs' social media, text messages, and digital communications. Pevator's request is much broader and even

more burdensome than the *Palma* discovery request, which sought only social media posts. *Id.* at 1347. The actions that produce the information Pevator seeks—sending a text message or posting on Facebook—are brief, fleeting, and not incompatible with work.

Pevator argues that Radford testified that he used Facebook Messenger to talk to others during work hours. That is different from the social media posts at issue in *Palma.* Pevator has shown more than a "hope that there might be something of relevance" in Radford's Facebook Messenger records. Evidence of continuous and ongoing conversations during the work day could undermine Radford's overtime claim.

Pevator's first discovery request is granted, in part. Radford must produce one month of his Facebook Messenger records created during the hours he alleges he worked as a service manager. Pevator may choose the month. Radford does not need to produce information about the recipient or the content of the messages, but he must produce the time and date of any messages he received or sent. Pevator may ask for additional discovery if the month of Facebook Messenger records provides a sufficient basis, and if the burden of producing the additional discovery is not disproportionate.

Pevator's second request asks for information about the opt-in plaintiffs' telephone calls and other calls made on web-based services. Another case, *Caputi v. Topper Realty Corp.*, No. 14-CV-2634 JFB SIL, 2015 WL 893663 (E.D.N.Y. Feb. 25, 2015), is helpful. In *Caputi*, the defendants expected that cell phone records would show that the plaintiff was making personal calls on days and at times she claimed she was working for the defendants. *Id.* at *4. The court surveyed similar cases, including *Ritz v. Directory Pub. Sols., Inc.*, No. 4:13CV01236 AGF, 2014 WL 1922957 (E.D. Mo. May 14, 2014), in which the court ordered representative or "sample" discovery to determine whether, and to what extent, the records were probative. *Id.* at *5. The *Caputi* court

held:

> The Court finds the measured approach in *Ritz* well-suited to balance Defendant's entitlement to relevant information against Plaintiff's concerns over the possibility of a "fishing expedition." Accordingly, the motion is granted, in part, and Plaintiff shall produce a sampling of her cell phone records covering the period November 2011 to November 2013. Defendants may renew their application for the balance of Plaintiff's cell phone records upon probative evidence uncovered from the sampling, if any.

*Id.*

The approaches taken in *Caputi* and *Ritz* are sensible. Records of telephone or web-based service calls are probative because they show call duration, which can bear on the amount of hours worked by the person making or receiving the calls. If the opt-in plaintiff telephone records show multiple, extended phone calls during the hours they claimed they were working, it could affect their overtime claim or their damages.

The cell phone records for two of the plaintiffs must be produced. The records must cover three months out of each of the past three years. Pevator may select the months. The plaintiffs do not need to produce information about the call recipient or the content of the calls, but they must provide the time, date, and duration of all calls. The plaintiffs must also include the number of the phone to which the call was made, if applicable, and a list of non-work-related phone numbers. For calls made on a web-based service that does not use telephone numbers, the plaintiffs must state whether the calls were work-related or not. Pevator may ask for additional discovery if the produced records provide a sufficient bases, and if the burden of producing the additional discovery would not be disproportionate.

SIGNED on August 13, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

4