IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RADFORD, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3381 |
| PEVATOR COMPANIES, LTD., | § § § | |
| Defendant. | § | |

**ORDER GRANTING THE PLAINTIFFS'
MOTION FOR LEAVE TO AMEND**

This case arises from an overtime-wage dispute. In November 2017, James Radford, representing similarly situated employees, sued Pevator Companies, Ltd., alleging a failure to pay overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Docket Entry No. 1). The court conditionally certified the class and approved issuance of notice in April 2018. (Docket Entry No. 32).

Pevator operates a chain of automotive-repair shops for brake services, oil changes, and tire alignments. Radford worked as a service manager in one of the repair shops and was paid $1,200 every two weeks. (Docket Entry No. 7 at 3). On December 2, 2017, within one month after Radford served Pevator with process in this case, he was demoted from service manager to lead technician, receiving $10–$11 per hour.[1] (*Id*. at 7). Radford alleges that he makes approximately $240 less per pay period. Radford amended his complaint in December 2017, adding an FLSA retaliation claim.

---

[1] Radford alleges that he worked as a technician when he first started working at Pevator. At that time, he received $11.00 per hour. Radford had complained to Pevator about his compensation after the demotion, and Pevator agreed to adjust his salary from $10 to $11 per hour, starting on December 17, 2018. (Docket Entry No. 16 at 7).

1

(Docket Entry No. 7); 29 U.S.C. § 215(a)(3). In July 2018, Pevator terminated Radford for allegedly deficient work performed on a customer's vehicle. (Docket Entry No. 64-1 at 9). According to Radford, he did not work on that consumer's vehicle or cause the allegedly defective work. (*Id.*).

Another opt-in plaintiff, Danjuan Jones, was also terminated after he joined the litigation. Radford alleges that Jones joined the class action on November 6, 2018, responded to written discovery, and gave a deposition. On November 19, Pevator terminated Jones based on allegedly false accusation that he had: (1) zeroed out a ticket for a service provided to a customer in order to pocket the payment; (2) arranged to work on a customer's vehicle outside his work hours, in order to keep the cash the customer paid; and (3) left the store during his work hour in violation of the company policy. (Docket Entry No. 64-1 at 9). Jones denied these accusations. He alleges that another employee, not a party of this lawsuit, was found taking cash from a customer, and that Pevator did not terminate that employee but instead transferred him to another site.

Radford and Jones have moved for leave to file a second amended complaint to supplement the retaliation claim with the subsequent allegedly wrongful terminations. (Docket Entry No. 64). Pevator objected.

Rule 15(a) states that "the court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Leave is not automatic, but within the district court's discretion. *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). A district court must have a "substantial reason" to deny a request to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quotation omitted). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health,*

*Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). "In reviewing the timeliness of a motion to amend, delay alone is insufficient: 'The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)).

Radford and Jones have alleged sufficient facts to support their motion for leave. The retaliation-by-wrongful-termination claim is neither frivolous nor futile. Because the alleged terminations occurred in July and November 2018 and the plaintiffs moved for leave in early December, the motion is timely and would not unduly prejudice Pevator.

The plaintiffs' motion for leave is granted. An amended scheduling order is separately entered.

SIGNED on December 10, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge