United States District Court
Southern District of Texas
**ENTERED**
January 28, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RADFORD, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3381 |
| PEVATOR COMPANIES, LTD., | § § § | |
| Defendant. | § | |

**ORDER**

**I.     Background**

In November 2017, James Radford, representing himself and similarly situated employees, sued Pevator Companies, Ltd., doing business as Brake Check, alleging a failure to pay overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Docket Entry No. 1). The court conditionally certified the class and approved issuance of notice in April 2018, setting the opt-in response deadline as October 5, 2018. (Docket Entry Nos. 32, 35, 56). In December 2018, the court granted Radford's motion to amend the complaint to add new claims and moved the discovery deadline to May 5, 2019. (Docket Entry Nos. 65, 66).

On January 4, 2019, Michael E. Tompkins, Jr. moved for leave to file a late consent to join this lawsuit as an opt-in plaintiff. Tompkins worked for Brake Check as a Service Manager for the two years before September 2017. (Docket Entry No. 68). Brake Check opposed the motion. (Docket Entry No. 70).

Based on the pleadings, the motion and response, and the applicable law, the court grants Tompkins's motion for leave to file a consent to opt-in to the collective action. (Docket Entry No. 68). The reasons are detailed below.

1

## II. Discussion

### A. The Legal Standard

The Fair Labor Standards Act does not specify when a person must opt-in to a collective action. The court sets that deadline. *See* 29 U.S.C. §§ 216(b), 255, 256. Courts have broad discretion to decide whether a late opt-in filer may join a collective action. *Kitagawa v. Drilformance, LLC*, No. H-17-726, 2018 WL 690835, at *1 (S.D. Tex. Feb. 1, 2018) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court.")); *see also Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989) (district courts have discretion in managing notice to potential plaintiffs in collective actions under the Age Discrimination in Employment Act).

"Although the caselaw on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (citation omitted); *see also Helton v. Factor 5, Inc.*, No. C-10-04927-SBA, 2014 WL 1725734, at *3 (N.D. Cal. Apr. 29, 2014) (applying *Ruggles* factors); *Coronado v. v. D N.W. Hous., Inc.*, No. H-13-2179, 2014 WL 667492 at *2 (S.D. Tex. Nov. 24, 2014) (same).

### B. Analysis

Tompkins argues that good cause exists for his late filing because around the time he received the notice of the action, he was having serious health problems. He was hospitalized between May and August 2018. (Docket Entry No. 68 at 3). Tompkins contends that he first signed

the consent form in July 2018, but he misplaced it in the midst of his health problems and hospitalization and could not contact the plaintiffs' counsel until November 2018. (*Id*.).

Brake Check responds that although Tompkins was hospitalized between May and August, this does not explain his failure to file the consent form between August 2018 and the October 2018 opt-in deadline, and that misplacing the consent form is not good cause. (Docket Entry No. 70, at 3); *Saleem v. Corp. Transp. Grp., Ltd.*, No. 12-cv-8459-JMF, 2013 WL 6331874, at *3 (S.D.N.Y. Dec. 5, 2013) (striking a late opt-in plaintiff who misplaced his consent form because failing to keep track of his own affairs was not good cause); *Moya v. Pilgrim's Pride Corp.*, No. Civ-A-06-1249, 2016 WL 3486739, at *2 (E.D. Pa. Nov. 30, 2006) (the late opt-in plaintiff's mistake was insufficient to show good cause). Here, Tompkins does not provide good cause explaining the three-month delay after his hospitalization. But even when a late filer fails to demonstrate good cause, this factor may be discounted because "a rigid application of a 'good cause' test does not fully respond to the various factors with which the court must concern itself." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 2008 WL 4712769, at *2 (N.D. Cal. Oct. 23, 2008); *see also Ruggles*, 687 F. Supp. 2d at 37 (the court did not consider good cause because "all other factors weigh[ed] in [the plaintiffs'] favor"); *Helton*, 2014 WL 1725734, at *3 ("While Plaintiffs' counsel have failed to show good cause for their belated filing of the consent to join forms, the Court finds that the other relevant factors weigh in favor of permitting the opt-in plaintiffs to join the FLSA collective action."); *Heaps*, 2011 WL 6749053, at *2 ("Although Plaintiffs have offered no good cause for their failure to timely file these consent forms, all of the other factors weigh in their favor."). In this case, other factors weigh in favor of allowing Tompkins to join the collective action.

Tompkins's late opt-in will not prejudice Brake Check. About 30 opt-in plaintiffs have joined the collective action. The discovery burden for each plaintiff will be small and Brake Check

has more than three months before the May 2019 discovery cutoff. *See Coronado*, 2014 WL 6674292, at *3 ("When . . . the later filers are a small part of the overall class and the litigation is at an early stage, courts rarely find prejudice if they are allowed to opt-in."); *Robinson–Smith*, 424 F. Supp. 2d at 124 ("Allowing four more plaintiffs into the collective action already containing 269 represents only a limited additional exposure for the defendant, given the relatively small number . . . ."); *Monroe*, 94 F.R.D. at 305 ("Individual discovery for any particular plaintiff is minimal, and the trial is still a few months away."); *Benavidez v. Piramides Mayas Inc.*, No. Civ. A-09-5076, 2013 WL 1627949 (S.D.N.Y. Apr. 16, 2013) (because the two late filers represented only 2.7 percent of the 74 plaintiffs in the action, allowing them to join 3 months after the deadline without showing good cause would not prejudice the defendants).

The third *Ruggles* factor concerns the time between the opt-in deadline and the delayed filing. The court's opt-in period ended on October 5, 2018. Tompkins asserted that he sent the consent form to plaintiffs' counsel on November 16; plaintiffs' counsel contacted Brake Check on November 30; Brake Check refused to agree to the late filing on December 15; and Tompkins filed this motion on January 4, 2019. Tompkins took prompt action after learning that he had missed the deadline and Brake Check received notice of the late filing within two months after the court's deadline expired. Courts have allowed much longer delays. *See Helton*, 2014 WL 1725734, at *2 (allowing late filers who missed the deadline by "approximately nine months"); *Heaps*, 2011 WL 6749053, at *2 (allowing late filings that were "within a few months after the deadline and the majority of them within one month"); *Raper*, 165 F.R.D. at 92 (allowing untimely filings after the liability, but before the damages, phase of the trial). This factor weighs in favor of allowing Tompkins to opt-in.

Because Tompkins was allegedly employed by Brake Check from 2015 to September 2017,

4

his FLSA claims are within the statute of limitations and he could separately sue Brake Check. Allowing Tompkins to join the collective action serves judicial economy. *See Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 598 (E.D. La. 2013) ("The plain language of Section 216(b) does not prohibit employees from bringing more than one collective action based on the same alleged violations."); *see also Monroe*, 94 F.R.D. at 305 ("[I]t should be remembered that in at least some of the cases the alternative may be to force the filing of individual lawsuits—scarcely productive of economy either for the litigants or for the courts."); *Regan v. City of Charleston, S.C.*, No. 2:13-cv-3046-PMD, 2015 WL 1299967, at *3 (D.S.C. Mar. 23, 2015) (interests of judicial economy are best served by allowing these potential plaintiffs to join the pending action). "Obviously, there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." *Heaps*, 2011 WL 6749053, at *2 (quoting *Ruggles*, 687 F. Supp. 2d at 37). This factor also weighs in favor of granting Tompkins's motion for leave.

Allowing Tompkins's untimely opt-in also serves the FLSA's remedial purpose. *See Benavides*, 2013 WL 1627947, at *3; *Kitagawa*, 2018 WL 690835, at *3; *Ruggles*, 687 F. Supp. 2d at 37–38 (the FLSA's remedial purpose implores a "generous reading, in favor of those whom congress intended to benefit from the law . . . when considering issues of time limits and deadlines"); *see also Helton*, 2014 WL 1725734, at *3 ("Allowing the opt-in plaintiffs to join the FLSA collective action . . . is consistent with the broad and flexible reading of the FLSA in favor of coverage.").

Although Tompkins fails to show good cause for his late filing, other factors weigh in favor of allowing him to join the collective action. The court takes seriously Brake Check's concern that Radford may continue bringing additional later filers into this action, burdening the defendants and

5

the court. The court will apply the *Ruggles* factors case by case to decide whether other late filings should be permitted.

**III.     Conclusion**

Tompkins's motion for leave to file a late consent to join the collective action, (Docket Entry No. 68), is granted.

SIGNED on January 28, 2019, at Houston, Texas.

                                                                  _____
                                                                           Lee H. Rosenthal
                                                                  Chief United States District Judge