United States District Court
Southern District of Texas
**ENTERED**
March 19, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RADFORD, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3381 |
| PEVATOR COMPANIES, LTD., | § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

**I.     Background**

At issue is James Radford's motion to add a second late filer to this collective action. (Docket Entry No. 73). In November 2017, Radford, representing himself and similarly situated employees, sued Pevator Companies, Ltd.. doing business as Brake Check, for overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Docket Entry No. 1). The court conditionally certified the class and approved issuance of notice in April 2018, setting the opt-in response deadline as October 5, 2018. (Docket Entry Nos. 32, 35, 56). In December 2018, the court granted Radford's motion to amend the complaint to add new claims and moved the discovery deadline to May 5, 2019. (Docket Entry Nos. 65, 66).

In January 2019, the court allowed a late filer, Michael E. Tompkins, Jr., to join as an opt-in plaintiff, over Brake Check's objection. The court found that Tompkins had shown good cause for the delay because he was hospitalized during the opt-in period, and that allowing him to join the lawsuit would not unfairly prejudice Brake Check. (Docket Entry Nos. 70, 71).

In February 2019, another employee of Brake Check, Mike Murehead, moved to opt-in as a late filer and to file a third amended complaint to add a retaliation claim. (Docket Entry No. 73).

Brake Check opposes the motion. (Docket Entry No. 74).

Murehead has worked at Brake Check's Austin office as a Service Manager for approximately four years. (Docket Entry No. 73-2 at 2). He first learned of this lawsuit and signed the consent form to join the collective action in July 2018. Before sending the form to the plaintiffs' counsel, Murehead asked Brake Check's Corporate Director, Brian Smith, about the company's position on the lawsuit. (*Id.*). According to Murehead, he learned that the company's Operations Director, Armando Flores, had stated at the company's Austin-area Corporate Directors' meeting that "anyone who signed the consent form and sent it in would be terminated." (*Id.*). Murehead contends that he decided not to send his consent form to join the lawsuit because he feared demotion or termination. (*Id.*). Murehead alleges that he noticed that over the next few months, Brake Check terminated, demoted, or refused to promote older Service Managers. (*Id.*). Murehead contends that after he saw this and after he was also disciplined, he decided to opt-in to the lawsuit. (*Id.*).

Murehead sent his consent form to the plaintiffs' counsel on January 24, 2019. The plaintiffs' counsel asked Brake Check for consent to the late filing. (Docket Entry No. 73 at 3). On February 8, 2019, Brake Check responded, stating that it opposed Murehead's late opt-in. Four days later, on February 12, the company suspended Murehead without pay. (*Id.*).

Brake Check disputes these facts, contending that the company never threatened to take negative employment action against employees who opted in to the lawsuit. (Docket Entry No. 74 at 3). Brake Check alleges that the company decided to investigate Murehead and to suspend him during the investigation, because his supervisor, Daniel Tomlin, suspected that he had charged a customer and collected money for a wheel-seal service that was not performed. (*Id.*). Brake Check contends that Tomlin made the suspension decision on February 10, 2019, before he learned of Murehead's intent to join the lawsuit against Brake Check. (*Id.*).

**II.     Discussion**

2

### A.    The Legal Standard

The Fair Labor Standards Act does not specify when a person must opt-in to a collective action. The court sets that deadline. *See* 29 U.S.C. §§ 216(b), 255, 256. Courts have broad discretion to decide whether a late opt-in filer may join a collective action. *Kitagawa v. Drilformance, LLC*, No. H-17-726, 2018 WL 690835, at *1 (S.D. Tex. Feb. 1, 2018). "Although the case law on this issue is wide-ranging, courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009) (citation omitted); *see also Helton v. Factor 5, Inc.*, No. C-10-04927-SBA, 2014 WL 1725734, at *3 (N.D. Cal. Apr. 29, 2014) (applying *Ruggles* factors); *Coronado v. v. D N.W. Hous., Inc.*, No. H-13-2179, 2014 WL 667492, at *2 (S.D. Tex. Nov. 24, 2014) (same).

### B.    Murehead's Motion to Join as a Late Filer

Murehead argues that good cause exists for his delay because he was deterred out of fear of retaliatory termination or demotion. (Docket Entry No. 73 at 4–5). Murehead argues that there is no prejudice to Brake Check because he was only three months late in sending the consent form. The deadline to opt-in ended on October 5, 2018; the plaintiffs' counsel received Murehead's consent form on January 8, 2019; and Brake Check learned of Murehead's intent to join the action on January 23, 2019. (Docket Entry No. 73 at 6–7). Murehead argues that because the discovery deadline is May 5, 2019, allowing him to join the case now will leave the parties time to conduct any needed discovery and would not prejudice Brake Check.

Brake Check disputes Murehead's factual allegations and argues that he cannot show good cause for his delay. According to Brake Check, Murehead's "self-serving" affidavit contains

hearsay statements of Smith and Flores and is therefore inadmissible. (Docket Entry No. 74 at 5–6). Brake Check also submitted Flores's affidavit denying that she "told Corporate Director Brian Smith or any other . . . at Brake Check that any Service Manager . . . would be terminated, or otherwise retaliated against, for signing a consent form to join the . . . lawsuit." (Docket Entry No. 74-2 at 2). Another Corporate Director, Russell Weeks, also submitted an affidavit, testifying that Flores did not make any such statement at the Corporate Directors' meeting. (Docket Entry No. 74-3 at 2).

Brake Check argues that allowing Murehead to join the case now, less than two months before the May 5 discovery cut-off and the May 8 decertification-motion deadline, will cause prejudice. (Docket Entry No. 74 at 7). Brake Check contends that the plaintiffs should not be allowed to disregard the court-imposed opt-in deadline by adding a late new party. (*Id.*).

At the notice and opt-in stage, Murehead need not present evidence in a form admissible at trial to show good cause for his late filing. See *Lee v. Metrocare Serv.*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013) (summarizing cases applying a lenient rule in disputes arising at the notice stage); *see also Sanchez v. Schlumberger Tech. Corp.*, No. 17-cv-102, 2018 WL 2335333, at *4 (S.D. Tex. Jan. 24, 2018) (same); *Gomez v. Rockwater Energy Sols., Inc.*, No. 16-20235, 2017 607132, at *4 (S.D. Tex. Feb. 15, 2017) (same). Murehead has shown good cause for his delay by submitting an affidavit stating that he feared what he alleges as Brake Check's threat to take retaliatory steps against employees who opted-in.

The other *Ruggles* factors also weigh in Murehead's favor. "When . . . the later filers are a small part of the overall class and the litigation is at an early stage, courts rarely find prejudice if they are allowed to opt-in." *Coronado*, 2014 WL 6674292, at *3; *see also Robinson–Smith v. Gov. Employees Ins. Co.*, 424 F. Supp. 2d 117, 124 (D.C.D. 2006) ("Allowing four more plaintiffs into the collective action already containing 269 represents only a limited additional exposure for the

defendant, given the relatively small number . . . ."); *Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill. 1982) ("Individual discovery for any particular plaintiff is minimal, and the trial is still a few months away."); *Benavidez v. Piramides Mayas Inc.*, No. Civ. A-09-5076, 2013 WL 1627949 (S.D.N.Y. Apr. 16, 2013) (because the two late filers represented only 2.7 percent of the 74 plaintiffs in the action, allowing them to join 3 months after the deadline without showing good cause would not prejudice the defendants).

About 30 plaintiffs have joined this litigation, including one late filer, Michael E. Tompkins. Allowing Murehead to join now is unlikely to cause prejudice to Brake Check because the litigation is still in discovery.

The court's opt-in period ended on October 5, 2018. Murehead sent the consent form to plaintiffs' counsel in January 2019. Although Murehead was approximately three months late, courts have allowed longer delays. *See Helton*, 2014 WL 1725734, at *2 (allowing late filers who missed the deadline by approximately nine months); *Heaps v. Safelite Sols., LLC*, No. 10-cv-720, 2011 WL 6749053, at *2 (S.D. Ohio Dec. 22, 2011) (allowing late filings that were "within a few months after the deadline and the majority of them within one month"); *Raper v. State of Iowa*, 165 F.R.D. 89, 92 (S.D. Iowa 1996) (allowing untimely filings after the liability, but before the damages, phase of the trial).

Before Murehead was suspended, he had worked for Brake Check for four years. Murehead's FLSA claims are within the statute of limitations. He can separately sue Brake Check. Allowing Murehead to join the collective action serves judicial economy. *See Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 598 (E.D. La. 2013) ("The plain language of Section 216(b) does not prohibit employees from bringing more than one collective action based on the same alleged violations."); *see also Monroe*, 94 F.R.D. at 305 ("[I]t should be remembered that

5

in at least some of the cases the alternative may be to force the filing of individual lawsuits—scarcely productive of economy either for the litigants or for the courts."); *Regan v. City of Charleston, S.C.*, No. 2:13-cv-3046-PMD, 2015 WL 1299967, at *3 (D.S.C. Mar. 23, 2015) (the interests of judicial economy are best served by allowing these potential plaintiffs to join the pending action).

Allowing Murehead to opt-in also serves the FLSA's remedial purpose. *See Benavides*, 2013 WL 1627947, at *3; *Kitagawa*, 2018 WL 690835, at *3; *Ruggles*, 687 F. Supp. 2d at 37–38 (the FLSA's remedial purpose implores a "generous reading, in favor of those whom Congress intended to benefit from the law . . . when considering issues of time limits and deadlines"); *see also Helton*, 2014 WL 1725734, at *3 ("Allowing the opt-in plaintiffs to join the FLSA collective action . . . is consistent with the broad and flexible reading of the FLSA in favor of coverage.").

Murehead's motion for leave to file the late opt-in consent form is granted.

### C. Motion for Leave to Amend

The plaintiffs also moved to file a third amended complaint to add Murehead's retaliation claim. (Docket Entry No. 73). Brake Check objected, arguing that adding this new claim would require significant discovery and likely delay the case. (Docket Entry No. 74 at 8–9) (citing *Juergens v. Watt*, No. 08-cv-007-SAA, 2009 WL 1375976, at *5 (N.D. Miss. May 15, 2009); *Monroe Firefighters Ass'n v. City of Monroe*, No. 06-cv-1092, 2008 WL 11391314, at *2 (W.D. La. Apr. 2, 2008)). Brake Check also contends that the motion for leave to amend should be denied because Murehead can assert his claims in a separate lawsuit.

Rule 15(a) of the Federal Rules of Civil Procedure governs pleading amendments before trial. "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(1); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Whether to grant or deny

leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GMBH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F. 3d 282, 286 (5th Cir. 2002). Leave is not granted automatically. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The district court may deny leave based on (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of the amendment. *United States ex rel Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (citation omitted).

Radford filed his original complaint in November 2017, and the court has twice allowed amendment. (Docket Entry Nos. 1, 7, 66). Adding the retaliation claim will require Brake Check to conduct some additional discovery, but it does not appear to be so extensive as to be unduly prejudicial. Brake Check still has more than a month to do the added discovery. It has started to do so, including acquiring the affidavit of Murehead's supervisor, Daniel Tomlin, who testified to the company's reason to suspend Murehead. If necessary, Brake Check may ask for an extension of the discovery cut-off.

The plaintiffs' motion for leave to amend the complaint is granted. (Docket Entry No. 73).

### III. Conclusion

Murehead's motion for leave to file a late consent to join the collective action and to amend the complaint, (Docket Entry No. 73), is granted.

SIGNED on March 19, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge